**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANDRE WILLIAMS, | Case No. 1:25-cv-998 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| COURTNEY HERROD, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Andre Williams filed this civil right action without a lawyer against the Cuyahoga County Division of Children and Family Services, case worker Courtney Herrod, and Supervisor Illinois Wilson. (ECF No. 1.) With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 3.) The Court **GRANTS** that motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's complaint pertains child support obligations and child custody. In his complaint, Plaintiff alleges that in March 2023, after agents of Cuyahoga County removed his daughter and her half-sister from the home of their mother, he was contacted and asked to take immediate custody of both girls, "which he did, based on verbal promises from agency representatives that he would receive support services, financial assistance, and vouchers." (ECF No. 1, ¶ 8, PageID #3.) He avers that he "never received any of the promised support" and complains that after "reunification

of the children with their mother," he was subjected to a "child support claim from the same system that used his unpaid care." (*Id.*, ¶¶ 9 & 12.)

Mr. Williams brings three claims for relief: (1) "Defendants failed to notify [him] of formal legal proceedings, denied him the right to be heard and imposed responsibilities [on him] without due process in violation of the 14th Amendment" (Count I); (2) Defendants used him as a "temporary guardian then later pursued a child support case against him . . . constituting malicious retaliation for asserting parental rights" (Count II); and (3) Defendants "unjustly retained the benefit of free guardianship services and avoided state placement costs while refusing to honor their verbal agreement or provide relief" for his temporary care of the children (Count III). (*Id.*, ¶¶ 13–15, PageID #3–4.) He seeks damages and "injunctive relief prohibiting enforcement of retaliatory child support claims." (*Id.*)

## ANALYSIS

Under 28 U.S.C. § 1915(e), federal district courts are expressly required to screen all *in forma pauperis* actions and to dismiss before service any such action that the court determines is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under Section 1915(e)).

Further, federal courts are courts of limited jurisdiction, have a duty to examine their jurisdiction in every case, and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Section 1915(e), the Court determines that Plaintiff's complaint warrants *sua sponte* dismissal. Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id*. "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id*.

Here, notwithstanding how Plaintiff presents his claims, the core concern of his complaint involves child custody and his child support obligations, which are domestic relations issues over which federal courts lack jurisdiction. The Court lacks jurisdiction to determine the propriety of child custody or Plaintiff's child support obligations. *See, e.g., Danforth*, 76 F. App'x at 616–17 (affirming application of the domestic relations exception to preclude subject-matter jurisdiction where a plaintiff raised constitutional claims to try "to obtain federal review of domestic relations

3

matters"); *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025) (affirming dismissal where plaintiffs "couched their claims" in terms of constitutional violations but "the substance of the claims revolves around [a] state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights").

In addition, the Court lacks jurisdiction to review or overturn a judgment of a State juvenile or domestic relations court. The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if a plaintiff claims that a state court judgment violates his federal rights. *Dakota v. Brown*, No. 3:12 cv 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012) (citing *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413(1923)). Under this doctrine, federal courts lack jurisdiction to determine the validity of State court judgments, as well as federal claims "inextricably intertwined" with the decisions of State courts. *See Patmon v. Michigan S. Ct.*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Accordingly, to the extent Plaintiff seeks to challenge, modify, or overturn a State court judgment or decision regarding child custody or his child support obligations, the Court lacks jurisdiction. "[T]o the extent [plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction

4

for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights," which a district court may not revisit. *Sefa v. Kentucky,* 510 F. App'x 435, 437–38 (6th Cir. 2013) (internal quotation marks and citation omitted); s*ee also Danforth,* 76 F. App'x at 615; *Dunina v. Hein*, No. C-3:06-cv-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (summarily dismissing a *pro se* plaintiff's civil rights complaint challenging a judge's decisions in a State domestic relations case).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: August 18, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio